Perkins v. The State.

NELSON PERKINS v. THE STATE.

CRIMINAL LAW. *Date of the offense omitted in indictment cured by verdict.* No day is specified in the indictment on which the offense is alleged to have been committed, but simply that the defendant "did feloniously take, steal and carry away," etc. *Held,* this defect is cured by a verdict of the jury.

Case cited and commented upon: King v. The State, 3 Heis., 151.

FROM SHELBY.

Appeal from the Circuit Court. J. E. R. RAY, Judge.

L. B. HORRIGAN for Perkins.

ATTORNEY-GENERAL HEISKELL for the State.

FREEMAN, J., delivered the opinion of the court.

The defendant was indicted and convicted in Circuit Court of Bartlett for stealing a plow. No day is specified in the indictment on which the offense is alleged to have been committed, but simply that the defendant "did feloniously take, steal, and carry away," etc.

We hold this defect is cured by the verdict of the jury. The principle on which the case in 3 Heis., 151, requiring a date to be given is, as stated by Judge Deaderick, "to give the party an opportunity by motion to quash, or by demurrer to free himself from the vexatious litigation and the State from

needless costs, if the offense appeared barred by the statute of limitations."

The party in this case did not move to quash or demur, and thus fails to bring himself within the principle of this case. It being a matter of form and not of substance, we hold it cured by the verdict of the jury.

Let the judgment be affirmed.